**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**

| | | |
|---|---|---|
| **TAWANNA DUGGAN,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **Civil Action File** |
| **v.** | ) | **No. 5:15-CV-160** |
| | ) | |
| **MMG, INC. D/B/A HILL REALTY, PERSONAL APARTMENT MANAGERS, INC., KINGSTON MANAGEMENT SERVICES, LLC, MARGARET M. GAY, JAMES DAVID GAY, GAYLE MCCLURE, JOHN COLLINS, and JOHN DOES I-X,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT FOR DAMAGES

COMES NOW, Tawanna Duggan ("Ms. Duggan"), by and through undersigned counsel, and files this Complaint for Damages against the above-named Defendants, showing the Court as follows:

## INTRODUCTION

1.

The instant action arises from Defendants' violation of Ms. Duggan's right to minimum wage and overtime compensation under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 et seq., as amended (the "FLSA").

2.

During the employment of Ms. Duggan, Defendants violated the FLSA by failing to pay Ms. Duggan at the legally required minimum wage and by failing to pay Ms. Duggan overtime compensation for hours worked in excess of 40 hours per week. As a result, Ms. Duggan is seeking unpaid minimum wages, unpaid overtime compensation, liquidated damages in an amount equal to the unpaid minimum wages and overtime compensation, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

3.

This Court has subject matter jurisdiction over the instant action pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4.

Venue is proper in the Middle District of Georgia under 28 U.S.C. § 1391 (b) and (c) because the acts giving rise to this Complaint occurred within this District, and because Defendants are subject to this Court's personal jurisdiction.

**PARTIES**

5.

Ms. Duggan resides in Bibb County, Georgia and is a citizen of the United States.

6.

At all times material hereto, Ms. Duggan was a non-exempt "employee" of Defendants for purposes of the FLSA.

7.

At all times material hereto, Ms. Duggan handled, sold, and worked with goods or materials that have been moved in or produced for interstate commerce.

8.

Defendant MMG, Inc. d/b/a Hill Realty ("Hill Realty") is a Georgia corporation with a principal office address of 1701 Rice Ave., Dublin, Georgia 31021. Hill Realty regularly transacts business in the State of Georgia and may be served through its registered agent, Margaret M. Gay, at 1701 Rice Ave., Dublin, Georgia 31021. At all times material hereto, Hill Realty was a non-exempt "employer" of Ms. Duggan for purposes of the FLSA, and Hill Realty is jointly and severally liable for the failure to pay Ms. Duggan overtime compensation.

9.

Defendant Personal Apartment Managers, Inc. ("PAM, Inc.") is a Georgia corporation with a principal office address of P.O. Box 1868, Dublin, Georgia 31040. PAM, Inc. regularly transacts business in the State of Georgia and may be served through its registered agent, Margaret M. Gay, at 1701 Rice Ave., Dublin, Georgia 31021. At all times material hereto, PAM, Inc. was a non-exempt "employer" of Ms. Duggan for purposes of the FLSA, and PAM, Inc. is jointly and severally liable for the failure to pay Ms. Duggan overtime compensation

10.

Defendant Kingston Management Services, LLC ("Kingston Management") is a Limited Liability Company organized under the laws of the State of Georgia with a principal office address of 203 W. Church St., P.O. Box 56, Fort Valley, Georgia 31030. Kingston Management regularly transacts business in the State of Georgia and may be served through its registered agent, Bruce R. Gerwig, at 2015 Felton Ave., Macon, Georgia 31201. At all times material hereto, Kingston Management was a non-exempt "employer" of Ms. Duggan for purposes of the FLSA, and Kingston Management is jointly and severally liable for the failure to pay Ms. Duggan overtime compensation.

11.

Defendant Margaret M. Gay ("Ms. Gay") is a Georgia resident. Ms. Gay is the Chief Executive Officer and President of Hill Realty, and Hill Realty is a registered trade name of Ms. Gay. Ms. Gay is also the Chief Financial Officer and President of PAM, Inc. Ms. Gay is an authorized agent of Kingston Management and other related entities. At all times material hereto, Ms. Gay exercised control over significant aspects of the operations of Hill Realty, PAM, Inc., and Kingston Management, including employee compensation, and Ms. Gay personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Ms. Gay was a non-exempt "employer" of Ms. Duggan for purposes of the FLSA, and Ms. Gay is jointly and severally liable for the failure to pay Ms. Duggan overtime compensation.

12.

Defendant James David Gay ("Mr. Gay") is a Georgia resident. Mr. Gay is the Secretary and Chief Financial Officer of Hill Realty, and Hill Realty is a registered trade name of Mr. Gay. Mr. Gay is also the Secretary and Chief Executive of PAM, Inc. At all times material hereto, Mr. Gay exercised control over significant aspects of Hill Realty's and PAM, Inc.'s operations, including employee compensation, and Mr. Gay personally played a substantial role in

causing the FLSA violations set forth in this Complaint. As a result, Mr. Gay was a non-exempt "employer" of Ms. Duggan for purposes of the FLSA, and Mr. Gay is jointly and severally liable for the failure to pay Ms. Duggan overtime compensation.

13.

Defendant Gayle McClure ("Ms. McClure") is a Georgia resident. Ms. McClure is the district general manager of Hill Realty and PAM, Inc., and Ms. McClure was Ms. Duggan's direct supervisor during the time of Ms. Duggan's employment. At all times material hereto, Ms. McClure exercised control over significant aspects of Hill Realty's and PAM, Inc.'s operations, including employee compensation, supervision, training, and scheduling, and Ms. McClure personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Ms. McClure was a non-exempt "employer" of Ms. Duggan for purposes of the FLSA, and Ms. McClure is jointly and severally liable for the failure to pay Ms. Duggan overtime compensation.

14.

Defendant John Collins ("Mr. Collins") is a Georgia resident. Mr. Collins is a Principal and/or Officer of Kingston Management, Kingston Partners, LP, Magita-Kingston, LLC, Magita Enterprises, Inc., Potemkin-Magita Development,

Inc., and other related entities and associations. At all times material hereto, Mr. Collins exercised significant operational control over Hill Realty, PAM, Inc., and Kingston Management, including control over employee compensation, and Mr. Collins personally played a substantial role in causing the FLSA violations set forth in this Complaint. As a result, Mr. Collins was a non-exempt "employer" of Ms. Duggan for purposes of the FLSA, and Mr. Collins is jointly and severally liable for the failure to pay Ms. Duggan overtime compensation.

15.

John Does I - X are unknown individuals or entities which also employed or may have employed Ms. Duggan during the relevant timeframe and which are joint employers of Ms. Duggan by virtue of their shared control over Ms. Duggan's employment with the named Defendants and/or because John Does I - X and the named Defendants are under common control.

16.

At all times material to this action, the Defendants, including John Does I – X, were the "joint employer" of Ms. Duggan due to an arrangement between the individual Defendants to share the services of Ms. Duggan, and/or because one of the individual Defendants acted directly or indirectly in the interest of the other Defendants in relation to Ms. Duggan, and/or because the individual Defendants

shared control of Ms. Duggan's employment, and/or because one Defendant controls the other Defendants, and/or because the Defendants are under common control.

17.

Ms. Duggan was employed as an on site property manager by and for the Defendants at a certain apartment complex owned by Kingston Partners, LP and managed by Hill Realty and PAM, Inc. Kingston Management is the Managing General Partner of Kingston Partners, LP. Mr. Collins is a principal and/or officer of Kingston Management, as well as several other related entities, including the owner, developer, and general contractor of the apartment complex. Ms. Gay and Mr. Gay are officers of Hill Realty and PAM, Inc., and each is registered to do business under the trade name Hill Realty. Ms. Gay is an authorized agent of Kingston Management. Ms. McClure is the district general manager of Hill Realty and PAM, Inc., and Ms. McClure hired, trained, and supervised Ms. Duggan. Each of the aforementioned Defendants exercised control over significant aspects of the enterprise as it relates to Ms. Duggan's employment.

18.

Collectively, the Defendant-employers and other non-employer entities as set forth herein comprise an "enterprise" under the FLSA (the "Enterprise").

Through unified operation and/or common control, the Defendants perform related activities for a common business purpose—the development and leasing of residential property in multiple locations for several different apartment complexes, including the apartment complex at which Ms. Duggan worked. Each Defendant's operations are interdependent of and benefit from the other Defendants' operations. Income is shared between the Defendants, and the Defendants' employees and agents are often employed interchangeably between the Defendants. The Defendants share in operational and managerial control.

19.

At all times material hereto, the Enterprise has had two or more employees who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce. The Enterprise's annual gross volume of sales made or business done was at least $500,000.00 during Ms. Duggan's employment. Thus, the Defendants are an enterprise engaged in commerce or in the production of goods for commerce for purposes of the FLSA.

## FACTUAL ALLEGATIONS

20.

From May 20, 2013 to February 27, 2015, Defendants employed Ms. Duggan as the on site property manager of the Kingston Gardens Apartments, located at 4416 Mumford Road, Macon, Georgia 31204 ("Kingston Gardens").

21.

As a condition of her employment as site manager, Ms. Duggan was required to live on site at Kingston Gardens.

22.

At the time Defendants offered Ms. Duggan employment, Ms. Duggan was told that she would be compensated on a salary basis in the amount of $1,400.00 per month, plus rent and utilities, after a 90-day probationary period.

23.

From May 2013 through July 2013, Ms. Duggan was compensated at the rate of $750.00 per month, plus rent and utilities.

24.

From August 2013 through February 2015, Ms. Duggan was compensated at the rate of $850.00 per month, plus rent and utilities.

25.

Defendants did not provide Ms. Duggan the option to receive cash or other payment in lieu of housing and utilities.

26.

Throughout her employment with Defendants, Ms. Duggan was required to work more than 40 hours per week

27.

Although Defendants were aware of the fact that Ms. Duggan regularly worked in excess of 40 hours per week, Defendants failed to compensate Ms. Duggan at the appropriate overtime rate required by law.

28.

Additionally, Ms. Duggan's monthly salary was insufficient to compensate Ms. Duggan at the minimum hourly rate required by law in each week of her employment.

29.

Defendants knowingly suffered or permitted Ms. Duggan to work more than 40 hours per week and for less than the minimum wage.

30.

Defendants failed to make, keep, and preserve accurate records sufficient to determine the number of hours actually worked by Ms. Duggan.

31.

Defendants have not made a good faith effort to comply with the FLSA with respect to Ms. Duggan.

32.

Although Ms. Duggan inquired into the $1,400.00 salary promised to her by Defendants, Defendants failed to abide by their agreement with Ms. Duggan, and Defendants never compensated Ms. Duggan more than $850.00 per month for her services as site manager.

33.

On or about February 27, 2015, Defendants terminated Ms. Duggan's employment. Shortly thereafter, Defendants initiated dispossessory proceedings to evict Ms. Duggan from the residence Defendants required Ms. Duggan to occupy during her employment.

34.

Before initiating the instant suit, Ms. Duggan attempted to resolve her FLSA overtime claim outside of litigation; however, Defendants refused to pay Ms. Duggan the unpaid compensation owed to her.

**COUNT ONE: VIOLATION OF FLSA (MINIMUM WAGE)**

35.

Ms. Duggan realleges and incorporates Paragraphs 1 through 34 of this Complaint, as if fully set forth herein.

36.

At all times relevant hereto, Ms. Duggan was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Ms. Duggan at a rate not less than the hourly minimum wage of $7.25 per hour.

37.

By failing to properly pay Ms. Duggan in accordance with § 206 of the FLSA, and by failing to make, keep, and preserve records sufficient to determine Ms. Duggan's wages and hours, despite knowledge of Ms. Duggan's status as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

38.

As a result of Defendants' willful violation of the FLSA's minimum wage provisions, Ms. Duggan is entitled to damages, including, without limitation, unpaid wages sufficient to compensate Ms. Duggan at the minimum wage rate for all hours worked, liquidated damages, attorneys' fees, and costs.

**COUNT TWO: VIOLATION OF FLSA (OVERTIME)**

39.

Ms. Duggan realleges and incorporates Paragraphs 1 through 38 of this Complaint, as if fully set forth herein.

40.

At all times relevant hereto, Ms. Duggan was a non-exempt employee for purposes of the FLSA. Thus, Defendants were obligated to pay Ms. Duggan at least one and one-half times her regular rate, but no less than $10.88 per hour, for each hour worked in excess of 40 hours per week.

41.

By failing to pay overtime compensation to Ms. Duggan in accordance with § 207 of the FLSA, and by failing to make, keep, and preserve accurate records concerning Ms. Duggan's employment, despite knowledge of Ms. Duggan's status

as a non-exempt employee, Defendants willfully, intentionally, knowingly, and/or recklessly violated the FLSA, in bad faith.

42.

As a result of Defendants' willful violation of the FLSA's overtime mandate, Ms. Duggan is entitled to damages, including, without limitation, unpaid overtime compensation, liquidated damages, attorneys' fees, and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Ms. Duggan prays:

(a) That Defendants be served with process and required to answer this suit;

(b) For judgment in favor of Ms. Duggan and against Defendants for all damages and relief allowed by law, including but not limited to actual and liquidated damages;

(c) For an award of litigation expenses and costs, including attorneys' fees; and

(d) For such other and further relief as this Court deems just and proper.

[DATE AND SIGNATURE FOLLOW]

Respectfully submitted this 8th day of May, 2015.

**COHAN LAW GROUP, LLC**

***/s/ Louis R. Cohan***

LOUIS R. COHAN
Georgia Bar No. 173357
MICHELLE L. WEIN
Georgia Bar No. 385424
*Attorneys for Plaintiff*

3340 Peachtree Road NE, Suite 2570
Atlanta, Georgia 30326
(404) 891-1770 (telephone)
(404) 891-5094 (facsimile)
lcohan@cohanlawgroup.com
mwein@cohanlawgroup.com