## SETTLEMENT AGREEMENT AND RELEASE

This Settlement Agreement and Release ("Agreement") is made and entered into by and between Ms. Tawanna Duggan ("Plaintiff") and the following: MMG, Inc. d/b/a Hill Realty, Personal Apartment Managers, Inc., Kingston Management Services, LLC, Margaret M. Gay, James David Gay, Gayle McClure, and John Collins, including any parent, subsidiary, affiliated, and related entities, and their past, present, or future officers, directors, administrators, managers, employees, shareholders, members, agents, attorneys, representatives, and assigns (collectively, "Defendants").

## RECITALS

WHEREAS, Plaintiff and Defendants are currently involved in a civil dispute based upon and arising out of Plaintiff's alleged former employment with Defendants, in Case No. 5:15-cv-00160-LJA in the United States District Court for the Middle District of Georgia (the "Civil Action");

WHEREAS, Defendants deny all claims asserted against them in the Civil Action;

WHEREAS, there are other matters of controversy between Plaintiff and Defendants including potential claims regarding termination of employment, dispossession, and other potential federal and state law claims; and

WHEREAS, Plaintiff and Defendants desire to resolve all matters between the parties and all matters arising out of Plaintiff's claims in the Civil Action;

NOW THEREFORE, in full consideration of the mutual promises, covenants, and undertakings hereinafter set forth, the receipt and sufficiency of which are hereby acknowledged, Plaintiff and Defendants agree to settle and resolve their dispute as follows:

## AGREEMENT

1. **Court Approval:** Within two (2) business days after receiving this Agreement signed by Plaintiff, Defendants shall return to Plaintiff a fully executed copy of the Agreement, and the parties will execute and file with the Court a Joint Motion for Approval of Settlement Agreement and Dismissal of Plaintiff's Complaint with Prejudice, with a proposed Order granting the same. The parties agree that they will mutually make every reasonable effort to obtain the Court's approval of this Agreement and resulting dismissal of the Civil Action. In the event the Court approves this Agreement but does not dismiss the Civil Action as requested in the parties' Joint Motion for Approval of Settlement Agreement, Plaintiff will file a Stipulation of Dismissal With Prejudice within two (2) business days of the Court's approval.

2. **Consideration:** In exchange for the promises set forth in this Agreement, Defendants shall pay Plaintiff the total gross amount of Thirty-Nine Thousand Dollars and 00/100 ($39,000.00) (the "Settlement Payment"). The Settlement Payment shall be paid as a one-time lump sum via three checks, made payable as follows:

# EXHIBIT 1

A.  Five Thousand Dollars and 00/100 ($5,000.00) to Plaintiff, less all legally required withholding taxes and payroll deductions per Plaintiff's most recent Form W-4, allocated as payment for unpaid overtime and minimum wages.

B.  Seventeen Thousand Three Hundred Seventy-Three Dollars and Ninety-Six Cents ($17,373.96) to Plaintiff, allocated as Plaintiff's non-wage damages and payment for Plaintiff's release of claims against Defendants as set forth in this Agreement.  Defendants will issue a Form 1099 to Plaintiff for this payment, and no withholdings or deductions will be made.

C.  Sixteen Thousand Six Hundred Twenty-Six Dollars and Four Cents ($16,626.04) to Cohan Law Group, LLC ("Cohan Law Group") for payment of Plaintiff's attorneys' fees, costs, and expenses.  Defendants will issue Cohan Law Group a Form 1099 for this payment.

D.  Defendants shall deliver the payments so that they are actually received by Cohan Law Group within five (5) business days of Court approval of this Agreement.

**3.    Tax Liability:**  Defendants make no representations as to the tax consequences or liability arising from the Settlement Payment.  Plaintiff acknowledges that she is relying on no representations or warranties by Defendants that the payments made pursuant to this Agreement or any portion thereof are properly excludable from taxable income.  Plaintiff has been advised to seek advice from professional advisors of her choosing regarding tax treatment of this settlement.  Plaintiff acknowledges and agrees that Plaintiff shall be solely responsible for any and all tax liability, penalty, or interest that may be owed by Plaintiff in connection with the Settlement Payment except for the amount withheld by Defendants pursuant to Plaintiff's most recent Form W-4. Plaintiff further covenants and agrees to indemnify and hold Defendants harmless for any additional sums, including, but not limited to, employer's share of FICA, costs and expenses, including reasonable attorney's fees, liabilities, interest, and penalties incurred as a result of the tax treatment which Plaintiff accords to the payments made pursuant to this Settlement Agreement and Release or as the result of any of said payments being made without being subjected to withholdings.  Defendants have the sole and exclusive right to select counsel to defend each of them if any such claim is asserted by any taxing authority.

**4.    Plaintiff's General Release and Waiver of Claims:**   Subject to timely receipt of the Settlement Payment, Plaintiff agrees for herself and all heirs, executors, administrators, successors and assigns to forever release and discharge the Defendants from any and all claims and all other debts, promises, agreements, demands, causes of action, attorneys' fees, costs, losses and expenses of every nature whatsoever, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement. This total release includes all claims arising under the FLSA or under any other federal, state, or local constitutional provision, statute, ordinance, regulation, policy (statutory or common-law), or legal or equitable theory.

**5.    Defendants' General Release and Waiver of Claims:** Upon the Court's entry of an Order approving this Agreement, Defendants forever release and discharge Plaintiff and her agents, attorneys, successors and assigns, heirs, executors, and administrators, from any and all

2

claims and all other debts, promises, agreements, demands, causes of action, attorneys' fees, losses and expenses of every nature whatsoever, known or unknown, suspected or unsuspected, filed or unfiled, arising prior to the Effective Date of this Agreement. This total release includes all claims arising under the FLSA or under any other federal, state, or local constitutional provision, statute, ordinance, regulation, policy (statutory or common-law), or legal or equitable theory.

**6.** **Release Exclusions:** This Agreement and the mutual releases contained herein shall not apply to rights or claims that may arise after the Effective Date of this Agreement; nor shall any provision of this Agreement be interpreted to waive, release, or extinguish any rights that—by express and unequivocal terms of law—may not under any circumstances be waived, released, or extinguished. This Agreement does not prevent Plaintiff from filing a complaint with or cooperating with a government agency in any investigation or proceeding, although should she do so, she agrees that she will not receive, and will forego, any recovery that may otherwise be recoverable by or payable to her. This Agreement does not act as a waiver of any party's right to enforce this Agreement. This Agreement does not affect Plaintiff's obligations under her residential lease at Kingston Gardens to make payment for her unit's June electric bill and timely rent and cable payments for July 2015 and continuing. Nothing in this Agreement alters the terms of Plaintiff's lease at Kingston Gardens.

**7.** **Affirmations:** Plaintiff represents and affirms as a material term of this Agreement that she has been paid and/or received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which she may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits are due her, except as provided for in this Agreement.

**8.** **Adequate Consideration:** Plaintiff and Defendants acknowledge that the consideration provided by each to the other is adequate and that this Agreement is a legally binding document with which all parties will faithfully comply.

**9.** **Binding Nature:** This Agreement, and all the terms and provisions contained herein, shall bind the heirs, personal representatives, successors and assigns of each party, and inure to the benefit of each party, its heirs, agents, directors, officers, employees, servants, successors, and assigns.

**10.** **Construction:** This Agreement shall not be construed in favor of one party or against the other.

**11.** **Partial Invalidity:** Should any portion, word, clause, phrase, sentence or paragraph of this Agreement be declared void or unenforceable, such portion shall be considered independent and severable from the remainder, the validity of which shall remain unaffected.

**12.** **Compliance with Terms:** The failure to insist upon compliance with any term, covenant or condition contained in this Agreement shall not be deemed a waiver of that term, covenant or condition, nor shall any waiver or relinquishment of any right or power contained in this Agreement at any one time or more times be deemed a waiver or relinquishment of any right or power at any other time or times.

13. **Governing Law and Jurisdiction:** This Agreement shall be interpreted under the laws of the State of Georgia, both as to interpretation and performance.

14. **Section Headings:** The section and paragraph headings contained in this Agreement are for reference purposes only and shall not affect in any way the meaning or interpretation of this Agreement.

15. **Counterparts:** This Agreement may be executed in counterparts, each of which shall be deemed an original, all of which together shall constitute one and the same instrument. The parties agree that signed facsimiles and .pdf copies have the same force and effect as originals.

16. **No Admissions:** It is understood and agreed by the parties that this Agreement represents a compromise and settlement for various matters and that the promises, payments, and consideration set forth in this Agreement shall not be construed to be an admission of any liability or obligation by either party to the other party or any other person.

17. **Effective Date:** This Agreement shall be effective and enforceable upon execution by Plaintiff.

18. **Time is of the Essence:** Time is of the essence as to every provision of this Agreement.

19. **Entire Agreement:** This Agreement and the attachments hereto embody the entire agreement of all the parties hereto who have executed it and supersedes any and all other agreements, understandings, negotiations, or discussions, either oral or in writing, express or implied, between the parties to this Agreement related to the subject matter herein. The parties to this Agreement each acknowledge that no representations, inducements, promises, agreements or warranties, oral or otherwise, have been made by them, or anyone acting on their behalf, which are not embodied in this Agreement; that they have not executed this Agreement in reliance on any representation, inducement, promise, agreement, warranty, fact or circumstances, not expressly set forth in this Agreement; and that no representation, inducement, promise, agreement or warranty not contained in this Agreement, including, but not limited to, any other purported settlements, modifications, waivers or terminations of this Agreement, shall be valid or binding, unless executed in writing by all of the parties to this Agreement.

20. **Knowledge and Understanding:** Each party acknowledges and agrees that each has had sufficient time to review this Agreement, that each has conferred with counsel regarding this Agreement, and that each has received all information he/it requires from the other in order to knowingly execute this Agreement. The parties acknowledge that each party has participated in the drafting of this Agreement and that each has had an equal opportunity to participate in the drafting of this Agreement.

_____   Date: 8/12/15
TAWANNA DUGGAN

_____        Date: _____8-12-15_____
MMG, INC. D/B/A HILL REALTY
By: _Margaret M Gay_
Title: _Pres_


_____        Date: _____8-12-15_____
PERSONAL APARTMENT MANAGERS, INC.
By: _Margaret M Gay_
Title: _Pres_


_Margaret M Gay_____       Date: _____8-12-15_____
MARGARET M. GAY


_____        Date: _____8-12-15_____
JAMES DAVID GAY


_Gayle McClure_____       Date: ___8/12/15_____
GAYLE MCCLURE


_____        Date: _____
KINGSTON MANAGEMENT SERVICES, LLC
By: _____
Title: _____


_____        Date: _____
JOHN COLLINS


5

_____   Date: _____
MMG, INC. D/B/A HILL REALTY

By: _____

Title: _____



_____   Date: _____
PERSONAL APARTMENT MANAGERS, INC.

By: _____

Title: _____



_____   Date: _____
MARGARET M. GAY



_____   Date: _____
JAMES DAVID GAY



_____   Date: _____
GAYLE MCCLURE



*/s/ John H. Collins*   Date: Aug. 14, 2015
KINGSTON MANAGEMENT SERVICES, LLC

By: John H. Collins

Title: Majority Member



*/s/ John H. Collins*   Date: Aug. 14, 2015
JOHN COLLINS

5